UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JASON LEOPOLD and BLOOMBERG L.P.,

Plaintiffs,

v.

CENTRAL INTELLIGENCE AGENCY,

Defendant.

Civil Action No. 25-4276 (ABJ)

**ANSWER**

Defendant, the Central Intelligence Agency ("CIA" or "Defendant"), by and through undersigned counsel, respectfully submits this Answer to the Complaint (ECF No. 1) filed by Plaintiffs Jason Leopold and Bloomberg L.P. (collectively, "Plaintiffs") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

**RESPONSES**

Defendant denies all allegations in the Complaint, including the relief sought, except as specifically admitted in this Answer. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's responses are not intended to be, and should not be construed to be, an admission that the cited materials are (a) correctly cited or quoted by Plaintiffs; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant responds to the separately numbered paragraphs and prayer for relief in the Complaint as follows.

## COMPLAINT[1]

1.      The allegations contained in paragraph 1 consist of Plaintiffs' characterization of this action, to which no response is required. The allegations contained in paragraph 1 also contain legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant admits only that Plaintiffs bring this action under FOIA seeking a response.

## PARTIES

2.      Defendant admits that Plaintiff Jason Leopold submitted the FOIA request at issue in this case. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

3.      Defendant admits that Plaintiff Bloomberg L.P. submitted the FOIA request at issue in this case. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public

---

[1]      For ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes that responses to the headings in the Complaint are not required, to the extent a response is deemed required and to the extent those headings or subheadings contained in the Complaint or this Answer could be construed to contain factual allegations, any such allegations are denied.

interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

4.      Admitted.

## JURISDICTION AND VENUE

5.      The allegations in paragraph 5 constitute legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant admits that this Court has jurisdiction over proper FOIA actions, as limited by the relief available under FOIA.

6.      The allegation in paragraph 6 constitutes a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendant admits that venue lies in this judicial district for a proper FOIA action.

## AUGUST 25, 2025 FOIA REQUEST TO CIA

7.      Defendant admits that, on August 25, 2025, Plaintiffs submitted a FOIA request to CIA. Defendant respectfully refers the Court to that FOIA request, attached to the Complaint as Exhibit 1, for a complete and accurate statement of its content and denies any allegations inconsistent therein.

8.      The allegations in paragraph 8 consist of a characterization of Plaintiffs' FOIA request to CIA, to which no response is required. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraphs are alleged for other purposes, they do not set forth claims of relief or aver facts

3

in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is required, CIA admits that Exhibit 1 contains a true and correct copy of Plaintiffs' FOIA request, which was submitted to CIA on August 25, 2025. Defendant respectfully refers the Court to the cited FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therein.

9.      Defendant admits that it acknowledged receipt of Plaintiffs' FOIA request by letter dated September 17, 2025, and assigned it tracking number F-2025-03164. Defendant respectfully refers the Court to a copy of that letter, attached to the Complaint as Exhibit 2, for a complete and accurate statement of its content and denies any allegations inconsistent therein.

10.     The allegations in paragraph 10 consist of a characterization of CIA's acknowledgement letter from CIA to Plaintiffs, to which no response is required. To the extent a response is required, CIA admits that Exhibit 2 is a true and correct copy of the letter dated September 17, 2025, that CIA sent to Plaintiffs. Defendant respectfully refers the Court to the cited letter for a true and complete statement of its contents and denies any allegations inconsistent therein.

11.     Defendant admits that, as of December 9, 2025, it had not sent any further correspondence to Plaintiffs.

12.     Defendant admits that, as of December 9, 2025, it had not issued a final response to Plaintiffs' FOIA request.

13.     Defendant admits that, as of December 9, 2025, it had not produced records in response to Plaintiffs' FOIA request to the extent any exist.

## COUNT 1 – CIA'S FOIA VIOLATION

14.     Defendant restates and incorporates by reference the responses contained in the

4

preceding paragraphs.

15. The allegations contained in paragraph 15 constitute legal conclusions, to which no response is required. To the extent a response is deemed required, CIA denies the allegations.

16. Admitted.

17. The allegations contained in paragraph 17 constitute legal conclusions, to which no response is required. To the extent a response is deemed required, CIA denies the allegations.

18. The allegation contained in paragraph 18 constitutes a legal conclusion, to which no response is required. To the extent a response is deemed required, CIA denies the allegation.

19. The allegation contained in paragraph 19 constitutes a legal conclusion, to which no response is required. To the extent a response is deemed required, CIA denies the allegation.

20. Defendant admits that, as of December 9, 2025, it had not produced records in response to Plaintiffs' FOIA request to the extent any exist.

## PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiffs' request for relief to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to the relief requested in these paragraphs, elsewhere in the Complaint, or to any relief whatsoever.

## DEFENSES

Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to them through the course of the litigation. Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiffs as a matter of law.

## FIRST DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiffs' requests for relief that exceeds the relief authorized by FOIA. *See* 5 U.S.C. § 552.

## SECOND DEFENSE

Plaintiffs are not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA, 5 U.S.C. § 552(b), or the Privacy Act, 5 U.S.C. § 552a.

## THIRD DEFENSE

Plaintiffs are not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

## FOURTH DEFENSE

Plaintiff's requests fail to comply with the requirements of FOIA to the extent they fail to reasonably describe the records sought or presents an unreasonably burdensome effort upon Defendant to search for, review, redact, and release any responsive records.

## FIFTH DEFENSE

Defendant has not improperly withheld records requested by Plaintiff under FOIA.

## SIXTH DEFENSE

Defendant's actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

## SEVENTH DEFENSE

Plaintiffs are neither eligible for, nor entitled to, an award of attorneys' fees or costs in this action.

6

**EIGHTH DEFENSE**

Plaintiffs are not entitled to injunctive or declaratory relief. 5 U.S.C. § 552(a)(4)(B).

**NINTH DEFENSE**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

\* \* \*

7

Dated: February 13, 2026                    Respectfully submitted,
       Washington, D.C.
                                            JEANINE FERRIS PIRRO
                                            United States Attorney


                                            By:        /s/ Robert J. Morris, II
                                                  ROBERT J. MORRIS, II
                                                  Assistant United States Attorney
                                                  601 D Street, NW
                                                  Washington, DC 20530
                                                  (202) 252-2534
                                                  Robert.Morris@usdoj.gov

                                            *Attorneys for the United States of America*

,

8